## DAVIS v DAVIS

Ohio Appeals, 4th Dist, Brown Co

No 119. Decided June 21, 1929

Young & Barnes, Georgetown, for plaintiff.

Campbell & Frebis, Georgetown, for defendant.

Judges MAUCK (4th Dist) and **LEMERT** (5th Dist) sitting.

LEMERT, J.

An examination in this case discloses that the only witnesses called on behalf of the defendant in the court below, were the defendant. Ira O. Davis. his wife, Mrs. Ira O. Davis, Gerald Davis and Robert Davis, two minor sons. They each testified that the plaintiff had made certain statements along the line that the defendant had not received his share of the estate and that she was going to even up with Ira and to make him even, with what the others had received.

We are unable to give to this testimony the weight claimed for it by the defendant for the reason that there is no proof in the record that there was any unequal distribution of the S. A. Davis property or estate, and so upon this testimony the reasons given or assigned for making this extraordinary gift do not exist.

The record discloses that the plaintiff, Mrs. Davis seemed to have been suspicious at times as to the safety of her bonds in the hands of her son Ira, for at least on three occassions she had him bring them to her.

Shortly after the death of S. A. Davis, the plaintiff herein came into possession of the amounts hereinbefore referred to and part of the fund was deposited to the account of the plaintiff and was afterwards withdrawn and placed to the

credit of the defendant's wife. The record discloses the fact that about the time the defendant begged the possession of the check and posioned the mind of his mother into thinking that some one at home might get the check and money if it was not left for safe keeping in his possession, and immediately thereafter began the fight on the part of the defendant for the transfer of the bonds, and the record discloses that the defendant, together with his wife, made it very unpleasant for the plaintiff, the mother, considering her advanced years, by their repeated and insistent requests that she assign this money and bonds to the defendant for safe keeping. The record herein clearly shows that the plaintiff herein, the mother, expected to retain the ownership of the bonds while placing them in her son's hands in trust, but she still insisted that the interest be paid to her.

The record shows that she was so persistent in her idea that she wanted the interest on her own bonds that she would not take Ira's word for it but insisted that she see Mr. Thompson, cashier of the Bank, and find out from him.

We are not losing sight in this case that this action is brought by plaintiff herself, and that she is asking relief on the grounds that she merely gave check and bonds in trust.

In support of her claims she has testified by deposition. This deposition was taken prior to trial of the cause, hence her attention could not have been directed to the incidents and details testified to by Ira, his wife and sons. It is but right and proper in the consideration of this case that all the circumstances the mental and physical condition of the parties as reflecting on the intention of the plaintiff should be considered. It is not claimed in this case that the securities herein named were obtained by fraudulent or undue influence, yet it is perfectly proper that we should consider the conduct of the defendant and his family that we think is pertinent to the issue made in this case. If the defendant, Ira O. Davis, procured possession of these securities by undue influence, fraudulent representation, or by taking advantage of the confidence or reflecting seriously on the question of the intent of the plaintiff.

We note that one, Mr. Schatzman, cashier of the bank at Russelville, a disinterested man, testified that Ira O. Davis, the defendant told him that he had no trouble in getting his mother to do what he wished her to do. With reference to the law that should govern in this case we turn to **32nd. OS. page 239.**

We also cite: **R. R. Co. vs. Caffney, 65 OS. page 104**...Elliott on Contracts, Volume 8, Section 149.

Elliott on Contracts, Volume 1, Section 74.

Dick vs. Alberts, 134 Am. St. Rep page 369.

So, therefore, we find that the said defendant Ira O. Davis, holds the said property and all of the same mentioned in plaintiff's petition in trust for plaintiff, Minerva G. Davis; that said trust be and the same is hereby terminated and that the said Ira O. Davis is ordered to account to plaintiff for all of the property and money now in his hands or that came into his hands by reason of said trust together with said profits he has received for the the same.

Entry accordingly.

Lemert and Mauck, JJ, concur.